## A. R. CAPEHART vs. BENJAMIN VAN CAMPEN.

Where a judgment of the District Court is reversed in the Supreme Court and the case remanded, and no final disposition has been made of it, the action in which such judgment was recovered is *pending*, and a complaint in a suit brought upon the same cause of action upon which the judgment was founded,' and between the same parties in interest, and alleging these facts, is demurrable.

This action was brought in the Ramsey County District Court. The plaintiff in his complaint alleges the execution of a promissory note by the defendant to one Joseph Daniels; its assignment and delivery by said Daniels to one William E. Brimhall, who commenced an action thereon in the Ramsey County District Court; that pending said action said Brimhall sold and transferred his interest in the cause of action to one E. A. Weller, and endorsed and delivered said promissory note to him; that said Weller sold and transferred his interest in said cause of action to said plaintiff, and endorsed and delivered said promissory note to him; that he was then the lawful owner and holder thereof; that judgment in said action was recovered against said Van Campen; that said action was carried by appeal to this Court, and that it was considered and adjudged by this Court that the said judgment be reversed, and the said action remanded to the District Court; that judgment for costs was entered in this Court against said Brimhall; that no part of said judgment nor of the said promissory note had been paid, except to the extent of a set off allowed by said District Court. A demurrer was interposed to the complaint, specifying among other things as a cause of demurrer, "that said complaint shows upon its face that there is another action pending between the same parties in interest for the same cause, in that—

"1. The transfer of the cause of action in the action of Brimhall

*vs.* Van Campen, subsequent to the commencement of said action, made said transferree the real party in interest in said action, though Brimhall continued the nominal plaintiff, and the matter so far as Van Campen is concerned, stands precisely as if said transferree had been substituted plaintiff.

"2. The complaint shows said suit of Brimhall *vs.* Van Campen is still pending in said Supreme Court, no final judgment having been rendered on said decision of said Court, and no further proceedings having been taken thereon."

The demurrer was sustained by the District Court. An appeal from the order sustaining the same is taken to this Court.

A. R. CAPEHART, Appellant.

I.—The determination of the Court in the former action, was a final judgment upon the issues raised and facts found therein.

1. The error in the judgment by the Court below was one of law, in assuming that the Courts of this State take judicial notice of the laws of New York, without proving the same as a fact. *See this case*, 8 *Minn.*, 13.

2. The complaint shows that "it was considered" by the Supreme Court, that the former judgment be reversed; that such order was entered and a judgment rendered for disbursements, which should have been rendered in the first instance by the Court below. 3 *Minn.*, 207; 5 *Id.*, 442; 8 *Id.*, 96.

II.—That judgment is no bar to this action.

1. A judgment of reversal for the defendant gives him no affirmative relief. *Bac. Abr. Error, M.* 2; 2 *Tidd's Pr.*, 1179; 8 *Wend.*, 9.

2. A former judgment is no bar to a second action for the same cause, unless there was a trial upon the merits. 6 *Minn.*, 53.

GEORGE L. OTIS for Respondent.

I.—The appellant who claims the note in question by regular assignment from Brimhall who brought the former action thereon,

stands in Brimhall's shoes, and unless Brimhall himself could have maintained this action had he not transferred the claim, the appellant cannot. We think that this proposition will not be controverted.

II.—Neither Brimhall nor the appellant can maintain this action, because the complaint shows there is no cause of action.

1. The judgment below in the former suit is no cause of action, because that judgment was appealed from and reversed, and now stands reversed.

2. The note in question is no cause of action, because it is merged in the final judgment in the former action of Brimhall *vs.* Van Campen.

The sole ground upon which the appellant relies to maintain this action is this: In the former action the plaintiff failed to allege and prove one material fact necessary to a recovery, to-wit: What was the statute law of New York on the 1st day of August, 1858, as to contracts made on Sunday? The principle *nemo bis vexari pro eadem causa,* is applicable and perfectly conclusive of this case.

If any authorities are necessary to show that the judgment in the former action is a conclusive bar to this action, we cite the following among many others: *Ramsey & Valtier vs. Herndon,* 1 *McLean,* 450; *Smith vs. Whiting,* 11 *Mass.,* 259.

*By the Court*—BERRY, J.—The complaint in this case sets out a cause of action upon a promissory note, and also certain matters of anticipated defence which it seeks to avoid. To this complaint the respondent interposed a demurrer, from the order sustaining which an appeal is taken to this Court.

There is also an agreed "statement of case," in which some of the facts stated in the complaint are set out somewhat more in detail than in the pleadings, with perhaps allegations of new matter.

As the demurrer was taken to the complaint and not to the statement of case, we are unable to perceive on what ground the statement is entitled to any consideration, and so we lay it aside.

It is alleged in the complaint that a former action was brought

Capehart v. Van Campen.

in the District Court for Ramsey County upon the same promissory note, by one Brimhall, the predecessor in interest of the appellant, against the respondent; that judgment was rendered in favor of Brimhall for a balance, after deducting a counter claim; that an appeal was taken from said judgment to this Court, where, upon "due proceedings had, it was considered and adjudged * * * that the said judgment be reversed and the said action remanded to the District Court." *Brimhall vs. Van Campen*, 8 *Minn.*, 13. It is not necessary for us to determine whether the former judgment was or was not an adjudication upon the merits of the same cause of action, between the same parties in interest now before us, nor whether that judgment would or would not have been a bar to this action if unreversed. The judgment was reversed by the proper tribunal, and the action remanded to the District Court whence it came, so that it no longer possessed the qualities of a final judgment upon which to found a plea in bar. Nor is it at all important whether or not the complaint shows that all the formal steps necessary to return the action to the District Court have been taken. If they have not been taken then the action is pending in the Supreme Court, and if they have been taken then it is pending in the District Court; and which ever horn of the dilemma is preferred, in either case it appears upon the face of the complaint that there is another action pending upon the same subject matter, between the 'same parties in interest now before us in this action. *See Sec.* 37, *page* 535, *Pub. St.; Sec.* 34, *page* 629, *Id.*

The order sustaining the demurrer is affirmed.