FIRST NATIONAL BANK OF ST. PAUL *vs.* DAVID L. How and another, impleaded, etc.

July 20, 1881.

**General Demurrer to whole Pleading.**—A general demurrer to a whole pleading must be overruled if there be one good cause of action, or one good defence, in the pleading to which it is interposed. It must be sustained or fail to the whole extent to which it is interposed.

**Same—Reaches First Defective Pleading.**—Upon demurrer to an answer, the sufficiency of the complaint as to matters of substance may be considered, and the party whose pleading is demurred to may attack the pleading of his adversary, and judgment will be given against the party committing the first error of substance.

**Action on Executor's Bond—" Creditors " defined.**—The " creditors " to whom a right of action upon an executor's bond is given by statute are those who have been determined to be such by an allowance of their claims against the estate, by commissioners or by the judge of probate, in the manner prescribed by statute.

**Same—Complaint held Insufficient.**—The complaint in this action considered, and *held* insufficient, for the reason that it does not appear therefrom that plaintiff's claim was ever properly or legally allowed against the estate of the deceased debtor.

Appeal by plaintiff from an order of the district court for Scott county, *Macdonald,* J., presiding, overruling its demurrer to the separate answers of the defendants D. L. How and Sanford A. Hooper, who were impleaded with Henry Nathan.

*Harvey Officer,* for appellant.

*Henry Hinds,* for respondent How.

*L. M. Brown,* for respondent Hooper.

MITCHELL, J.* Appeal from an order overruling demurrers to the several answers of defendants Hooper and How. The action is brought by plaintiff, as a creditor of the estate of George Nathan, upon the official bond of Henry Nathan, executor of the last will and testament of said George Nathan, which bond the other defendants, Hooper and How, had executed as sureties. The action is claimed to have been brought by leave of the probate court under the provisions of Gen. St. 1878, *c.* 55, § 5, which reads as follows: "When it appears, on the representation of any person interested in the estate, that the executor or administrator has failed to perform his duty in any other particular than those before specified, the judge of probate may authorize any creditor * * * to bring an action on the bond." The complaint attempts to allege the allowance of plaintiff's claim by the probate court as a valid claim against the estate of the deceased; the receipt by defendant Henry Nathan of sufficient assets to pay this and all other claims against the estate of his testator, which he has failed to account for or pay over; also, an order of court requiring him to render an account, which he has failed to comply with. The failure of duty which is claimed to constitute the breach of the conditions of the executor's bond is his failure to render an account in accordance with the order of the court. Henry Nathan did not answer. The defendants Hooper and How answered separately. The answer of How denies each and every allegation of the complaint, except those as to the corporate existence of plaintiff, the death of George Nathan, the execution and probate of his will, the appointment and qualification of Henry Nathan as executor, and the execution by defendant of the bond sued on, and the appointment of commissioners to examine and allow claims against the estate. It also sets up, or attempts to set up, several affirmative defences, one of which is in substance a plea of *plene administravit* by the executor, prior to the commencement of the action. The answer of defendant Hooper also sets up, or attempts to set up, several defences, one of which is that the plaintiff's pretended claim has never been allowed or adjudged a valid or lawful claim against the estate of George Na-

*Clark, J., being a stockholder in the plaintiff bank, took no part in the decision of this case.

than, either by the judge of the probate court, or by commissioners appointed by the probate court; and another is a plea of *plene administravit*, etc., by the executor. Plaintiff interposed a general demurrer to the whole of each of these answers, upon the ground that they did not state facts sufficient to constitute a defence. Both demurrers were overruled.

An elementary rule of pleading is that a demurrer cannot be good in part and bad in part. It must be sustained or fail to the whole extent to which it is interposed. A general demurrer must be overruled if there be one good cause of action or one good defence in the pleading to which it is interposed. 2 Estee's Plead. 603. This is certainly decisive against the demurrer interposed to the answer of defendant How. The denials alone in that answer constitute a good defence. They include anything in the complaint, except those parts expressly admitted, as heretofore stated. The portions thus admitted certainly do not contain enough to constitute a cause of action; and without determining upon the sufficiency of all the affirmative defences, (some of which are doubtless insufficient,) the third one, which is a plea of *plene administravit* by his principal, Henry Nathan, executor, we think is good.

The application of the same rule of pleading must be equally fatal to the demurrer to the answer of defendant How. The fourth defence set up in this answer is an allegation that the plaintiff's claim has never been allowed or adjudged a lawful charge or claim against the estate of George Nathan. The fact thus denied is one material to plaintiff's cause of action; for if this claim has never been allowed against the estate, the plaintiff has no standing in court, and cannot maintain an action on this bond, whatever failure of duty may exist upon the part of the executor. The "creditors" to whom a right of action upon an executor's or administrator's bond is given by statute, are those who have been found or determined to be such by an allowance of their claims by the person or tribunal provided by statute for the examination and allowance of claims against the estates of decedents. If the plaintiff's claim has been thus duly allowed against the estate, the question is *res adjudicata*, and the merits of the claim cannot be inquired into in this action. On the other hand, if the

claim has never been thus allowed, it cannot be examined and allowed in this action.   The subject of the allowance or disallowance of claims against estates of decedents is a matter exclusively within the jurisdiction of the probate court, and the only question open for consideration in that regard in this action is whether the claim has been duly and regularly allowed in the probate court.   Therefore, for the reasons already given, both demurrers were properly overruled.

They were also properly overruled for another reason.   Under our Code, as at common law, the rule still obtains that, upon demurrer to an answer, the sufficiency of the complaint as to matters of substance may be considered.   A party whose pleading is demurred to may now, as formerly, go back and attack the pleading of his adversary, and judgment will be given against the party committing the first error of substance.   *Stoddard* v. *Onondaga Annual Conference,* 12 Barb. 573.

We do not think the complaint in this case states facts sufficient to constitute a cause of action.   For the reasons already suggested, it was incumbent on plaintiff to allege an allowance of his claim by the probate judge, or by commissioners, as a debt against the estate of George Nathan.   The substance of the allegations of the complaint in that behalf are that the will was probated, letters testamentary issued to Henry Nathan, commissioners appointed to examine and allow claims against the estate of decedent; that these commissioners never gave notice of the time and place of their meetings, or of the time limited for the presentment of claims, and never filed a report of claims presented to them; that the executor received in his hands assets of the estate more than sufficient to pay all costs and charges of administration, and all debts against the estate, including that of plaintiff, but that he has neglected to pay the same, but has wrongfully converted these assets to his own use; that he filed in the probate court what purported to be a final account of his administration, in which he fraudulently omitted to charge himself with large amounts of money and other assets of the estate which he had received, and fraudulently credited himself with having paid certain claims against the estate (including plaintiff's) which he had in fact not paid, which account, without notice to plaintiff, was by the court allowed; that

thereupon, on or about May 20, 1879, the plaintiff filed in the probate court its petition "setting forth all and singular the facts aforesaid;" whereupon the judge of the probate court issued a citation, requiring said executor to appear before said court on a. day therein named, to show cause "why the relief prayed for in said petition should not be granted;" (what the relief prayed for was does not appear;) that this. citation was duly served personally upon said Henry Nathan, and proof of such service duly filed in court; that afterwards such proceedings were duly taken and had in the probate court that it was ordered and adjudged "that the claim of plaintiff against said George Nathan, deceased, amounting to $1,742.76, be and the same hereby is allowed as a claim against the estate of George Nathan, deceased." There is no allegation that the executor ever appeared in these proceedings.

Assuming this to constitute the entire proceeding of the court in the premises, and, as we understand the complaint, that the order allowing plaintiff's claim was based entirely upon this petition and citation, we think that the complaint fails to show any valid allowance of the claim, so as to bind the executor or the estate. This mode of procedure is irregular, and bears very little analogy to that prescribed by statute. But, inasmuch as the probate court had jurisdiction of the subject-matter, probably its order allowing this claim would be simply irregular or erroneous, and not void, provided due notice of the application for the allowance of the claim had been served upon the executor as representative of the estate. But assuming that Henry Nathan was still executor, and that the citation was regularly served upon him, yet it nowhere appears that there was anything in either this petition or citation tending to give notice to him that any application would be made for the allowance of this claim. The citation was simply to show cause why the relief prayed for in the petition should not be granted, and such further order or judgment made as might be just and equitable. It does not appear nor is it alleged what the prayer of the petitioner was. There was nothing in the facts stated in the petition tending to advise the executor that any such irregular order would be asked for or granted. The only relief that could be granted, consistent with the facts stated, in accordance

with regular procedure under the statute, would be an order fixing times and places when and where the judge of probate would hear, examine and allow claims against the estate of the deceased, and the time allowed for the presentation of such claims, and the manner in which notice should be given to creditors. So far as appears from the complaint this was the only relief in the matter of this claim of which either the citation or the petition would tend to notify the executor. The order actually made does not appear to have been included in the prayer of the petition, and was not, according to regular practice, within the scope of the facts stated in the petition; and. if there was neither notice to the executor, nor any appearance by him, the order of the probate court allowing the claim would not bind either him or his bondsmen.

The allegation of the complaint that the executor had previously recognized this claim, and made payments upon it, are wholly immaterial. An executor cannot thus bind an estate. Under our laws a claim becomes a valid charge against an estate only by being allowed as such in the manner prescribed by statute, and an executor has no authority to pay any others. The demurrers were, therefore, in our opinion, also properly overruled, upon the ground of the insufficiency of the complaint.

Order affirmed.