C. N. Nelson Lumber Company *vs.* Charles H. Pelan, as Garnishee of Thomas Carney, and others.

November 7, 1885.

**Pleading—Demurrer to Answer Containing Only Denials.**—An answer not "containing new matter," but consisting only of denials of what is alleged in the complaint, is not subject to demurrer.

The plaintiff, (a corporation,) having recovered judgment in the district court for Kittson county against the defendants, duly garnished Charles H. Pelan, whose disclosure was taken. Thereupon the plaintiff, upon leave granted by the court, filed and served a supplemental complaint against the defendants and the garnishee, setting out the rendition of the judgment in the main action, the garnishment proceedings, and the disclosure, (from which it appeared that the garnishee had in his possession money, property and effects received from the defendants under an alleged deed of assignment,) and alleging that the assignment had never been recognized by plaintiff and was fraudulent and void as against the plaintiff. To this complaint the garnishee and defendants answered in the following words, viz.: they "deny each and every allegation in the said supplemental

complaint contained save and except what is hereinafter admitted. They admit all of that portion of the said complaint contained between folios 1 and 5 both inclusive." (Relating to the judgment, garnishment proceedings and making of assignment.) "They admit that the plaintiff has never recognized the said assignment or proved its claim thereunder." Plaintiff appeals from an order by *Stearns,* J., overruling a demurrer to this answer.

*Warner, Stevens & Lawrence,* for appellant.

*Kneeshaw & Bevans,* for respondents.

DICKINSON, J. The court below overruled the demurrer to the answer for the reason that it contained no allegations of new matter, but consisted only of a denial of a portion of the complaint. This decision we affirm. The statute only authorizes a demurrer to "an answer *containing new matter,* when upon its face it does not constitute a counterclaim or defence." Gen. St. 1878, c. 66, § 100; *Lund* v. *Seaman's Savings Bank,* 23 How. Pr. 258; *Ketcham* v. *Zerega,* 1 E. D. Smith, 553; *Rice* v. *O'Connor,* 10 Abb. Pr. 362; *Oleson* v. *Hendrickson,* 12 Iowa, 222. The appellant refers, in support of its right to demur, to a remark in the opinion in *Morton* v. *Jackson,* 2 Minn. 180, (219,) where it is said, in respect to answers claimed to be frivolous, that "the relief desired in such cases may always be obtained by demurrer." It is at least doubtful whether this was said with reference to answers consisting merely of denials of the allegations of the complaint; but however this may have been, the effect of a decision cannot be given to the language, for the question presented for decision was only as to whether such an answer had been properly stricken out on motion.

Order affirmed.