HALVOR STEENERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 16, 1896.

Nos. 9980—(185).

**Demurrer.**

> A demurrer will only lie to a whole pleading or to the whole of a single cause of action or defense. Knoblauch v. Foglesong, 38 Minn. 459, followed.

**Same—Allegation of Special Damages.**

> *Held*, that allegations of special or consequential damages in the intervenors' complaint, growing out of the alleged prior wrongful acts of the plaintiff, are not statements of separate causes of action, and therefore not demurrable. .

Appeal by plaintiff from an order of the district court for Polk county, Ives, J., striking out as frivolous plaintiff's demurrer to a portion of the complaint in intervention. Affirmed.

*A. A. Miller*, for appellant.

*Henry W. Lee*, for respondents.

BUCK, J. The appellant, Steenerson, commenced an action in the district court of Polk county on August 3, 1895, against the defendant railway company to recover the possession of four car loads of lumber then in the possession of said company, the plaintiff alleging himself to be the owner of the lumber. The sheriff took possession of the property, and held it until it was rebonded by the defendant, to whom it was then returned. The defendant railroad company answered, claiming a special interest as common carriers in the lumber, alleging that it received the lumber from the intervenors, P. & J. Meehan, and prayed that they be made parties to the action, which was accordingly done, with their consent, and they made and served a complaint in intervention in which, among other things, they claim to be the owners of all the lumber described in the plaintiff's complaint, and deny plaintiff's right to the possession of any part thereof. The plaintiff interposed an answer to the intervenors' complaint except to the seventh and eighth paragraphs thereof, to which he demurred, and the

intervenors then moved to strike out the demurrer as frivolous, which motion was granted by the trial court. From this order the plaintiff appeals to this court, and the intervenors move to dismiss the appeal upon the ground that the order is not an appealable one.

If the appellant's contention as to his right to demur is without merit, we need not discuss the intervenors' motion to dismiss his appeal, because the result will be the same as though we sustained the order of the trial court in striking out the demurrer. The merit of the question involved has been discussed by counsel, and it can be disposed of more satisfactorily upon this ground than upon any technicality.

In the seventh paragraph of the intervenors' complaint it is alleged that by reason of the wrongful conduct of the plaintiff in taking and detaining the lumber the intervenors were compelled to pay the defendant railroad the sum of $48 as and for demurrage for the use of its cars while the same were wrongfully detained by the plaintiff, together with the charges for freight in transporting the lumber from and to certain points designated in the complaint. It is alleged in the eighth paragraph that the intervenors were compelled to employ attorneys, and send them to St. Paul to confer with the officers of the defendant railroad company relative to the detention of said lumber, and to go to Crookston in person, and with an attorney, in order to obtain a release of said lumber; and that they were put to great trouble, annoyance, and expense by reason of the plaintiff's said wrongful conduct, and damaged thereby in the sum of $1,200. It is quite apparent that neither paragraph states a separate cause of action or defense. It is an attempt on the part of the pleader to allege special or consequential damages growing out of the alleged prior wrongful acts of the plaintiff, and not allegations of separate causes of action to which a demurrer would lie. "A demurrer will only lie to a whole pleading, or to the whole of a single cause of action or defense." Knoblauch v. Foglesong, 38 Minn. 459, 38 N. W. 366.

If the plaintiff deems these allegations of damages insufficient or improper, he can, on the trial of the action, object to the admission of any evidence offered to sustain them, and thus test the question of their materiality. This would have been a commendable

practice in the first instance, rather than by demurring to parts of a cause of action, and thus putting the litigants to the expense and trouble of appeal to this court when his demurrer was stricken out.

The order of the trial court is affirmed.