SPENCER ERICKSON v. S. R. CHILD and Another.[1]

November 21, 1902.

Nos. 13,299—(103).

Action in the district court for Hennepin county to enforce specific performance of an agreement to satisfy the judgment described in the opinion. From an order, Harrison, J., striking out the demurrer of defendant Kohler to the complaint, he appealed. Affirmed.

*A. B. Darelius* and *T. H. Salmon*, for appellant.
*Willis A. McDowell*, for respondent.

PER CURIAM.

The complaint alleges that the respondent had by warranty deed become the owner of certain real estate which was subject to a judgment of $2,989.54; that defendant Child was the owner of the judgment by assignment, and assigned it to appellant Kohler. The complaint then alleges that while Child was the owner of the judgment and respondent was owner of the real estate, they entered into a contract by the terms of which respondent agreed

[1] Reported in 92 N. W. 1130.

to pay Child the sum of $2,300, in consideration of which he agreed to satisfy the judgment; that one Salmon was Child's attorney of record in certain litigation in reference to the judgment, and it was then agreed among the three parties that the sum of $300 out of the $2,300 should be paid Salmon for his attorney's fees, and the remainder, $2,000, should be paid to Child; that the contract was then reduced to writing, but as written it provided that $2,300 was to be paid to Child and $540 to Salmon, and for the purpose of causing the contract to show the correct amount, Salmon gave respondent a receipt for the difference, $240, which represented no money actually paid but was given merely for the purpose of applying it upon the contract in order to reduce the amount to the correct sum. It is then alleged that the respondent made a tender to Salmon, as Child's attorney, of the sum remaining un- paid on account of the contract, and that the same having been refused, he deposited the money in bank; that notwithstanding the tender and readiness of respondent to pay the amount the defendants refused to accept the same, and refused to satisfy the judgment.

The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and on motion the trial court struck out the demurrer upon the ground that it was frivolous and interposed for the purpose of delay.

The mere reading of the complaint shows that it contains a cause of action; no other conclusion is possible. The defendants entered into a contract by the terms of which they agreed to satisfy the judgment in consideration of the payment of $2,000 to Child and $300 to his attorney. In reducing this contract to writ- ing it represented more than the amount actually agreed upon, and in order to correct it a receipt was taken expressive of the difference. A tender was made by respondent of the actual amount due, which was refused, and therefore respondent was entitled to the judgment of the court satisfying the judgment. It does not aid appellant that the complaint contains some irrelevant matter, or that it is too long and somewhat involved. A casual reading of the complaint reveals its essence, and a demurrer will

not be sustained against it simply because it contains some irrelevant matter, and perhaps some involved sentences.

Order affirmed.