## WILLIAM HODGSON v. HENRY MATHER.[1]

### June 3, 1904.

### Nos. 13,881—(73).

**Pleading.**

> In an action on a negotiable promissory note, the allegation of the complaint that it was duly assigned, indorsed, and delivered implies that it was transferred in the usual course of business for value, before maturity, and upon a general denial in the answer the defendant would be authorized to introduce evidence to support the claim that such note was received by plaintiff with knowledge of defenses between the original parties, or that it came into his hands after it became due.

Appeal by defendant from an order of the district court for Yellow Medicine county, Powers, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $1,182. Reversed.

*Rollef Vaaler* and *C. A. Fosnes,* for appellant.

*W. A. McDowell,* for respondent.

LOVELY, J.

Action on promissory note. The complaint alleged the execution of the note, that for value the owner "duly assigned, transferred, and indorsed, and delivered the said note to this plaintiff, who is now the owner and holder thereof," and that it had not been paid, with demand for judgment. The answer contained a denial of each and every allegation in the complaint; alleged that the note was given as collateral security to other notes, which had been previously paid; and also alleged facts which, if true, would constitute a defense to the instrument in a suit between the original parties. At the trial plaintiff introduced the note, which was received, and upon the presumptions and inferences arising therefrom rested. Defendant then offered to show that the note had been transferred after maturity, and evidence of the matters further pleaded to establish his defense, which were excluded, whereupon the court ordered a verdict for plaintiff for the amount of the note, which was returned. Defendant appeals from the denial of a motion for a new trial.

[1] Reported in 100 N. W. 87.

The question thus presented is whether the general denial in the answer put in issue the inference of fact, which follows from the allegation that the note had been "duly assigned, transferred, and indorsed and delivered," that this was before maturity. It must be conceded that a presumption arises from the allegation that the note was duly assigned and indorsed that it was transferred in the usual course of business before maturity, but it is insisted in support of the ruling of the trial court that the general denial goes no further than to put in issue such statements as were specifically and in form set forth, viz., that the note was assigned and transferred, but did not necessarily traverse the fact that this transfer was before the instrument became due, so as to admit properly pleaded defenses to be shown. In other words, while, if the allegation embraced in the complaint had been that the note was transferred before maturity, a denial would have been sufficient to show that it came into the hands of the defendant after it was due, the legal inference of this fact is not denied because not affirmatively stated in plaintiff's pleading.

The court below may have been misled by the limitations upon the scope of the general denial in an early decision of this court (Finley v. Quirk, 9 Minn. 179 [194]), but we have in cases of a more recent date given a wider and broader scope to the general denial than formerly, in consonance with the spirit and purpose of modern enlarged views of pleading (Stone v. Quaal, 36 Minn. 46, 29 N. W. 326; Nunnemacker v. Johnson, 38 Minn. 390, 38 N. W. 351; Hanson v. Diamond Iron Min. Co., 87 Minn. 505, 92 N. W. 447); and, following the later doctrine laid down in these cases, we see no reason in principle why the specific averments set forth in the complaint and all inferences of fact implied by law therefrom are not as fully put in issue by the averment that the defendant "denies each and every allegation" as if what is inferred by law from the general statements therein had been specifically set forth and specifically denied. The evidence tending to show that the note came into plaintiff's hands after it became due was improperly excluded.

Order reversed and new trial granted.