## JOHN C. SANDBERG v. HANS C. CLAUSEN.[1]

### Nos. 19,976—(124).

### October 27, 1916.

**Pleading — statute of frauds — part performance of oral agreement to convey.**

In this action in ejectment defendant in his answer denied generally the allegations of the complaint, and further attempted to plead an oral agreement for a conveyance of the land, taken out of the statute of frauds by part performance. Plaintiff demurred to the second defense. It is *held*:

(1) The demurrer was not bad as being to a part only of a defense.

(2) The allegations of the answer do not show an oral agreement that could be specifically enforced.

(3) The answer does not plead such part performance of the alleged contract as would take it out of the statute of frauds.

(4) The answer does not state facts that entitle defendant to a lien on the land.

Action in ejectment in the district court for Polk county to recover possession of land and $100 damages. From an order sustaining plaintiff's demurrer to the answer to the amended complaint on the ground that the same failed to constitute a defense, defendant appealed. Affirmed.

*W. E. Rowe,* for appellant.

*Ole J. Vaule* and *William P. Murphy,* for respondent.

BUNN, J.

Action in ejectment, plaintiff alleging that on and prior to November 17, 1913, one Christian A. Rude was the owner of a forty-acre tract of land in Polk county, that on that day he conveyed to plaintiff and one Bakke, the latter conveying to plaintiff March 4, 1914; that defendant is in wrongful possession of the land and withholds the same from plaintiff. The first paragraph of the answer was a general denial. De-

[1]Reported in 159 N. W. 752.

fendant, "further answering," admits his possession of the land, and alleges the claim and right under which he took and retains possession. Plaintiff demurred to the "second defense" on the ground that the same did not constitute a defense to the action. The demurrer was sustained and defendant appealed.

It is first urged that the demurrer was to a part only of the entire defense set up in the answer, and for that reason should have been overruled. The point is not sustained. While the allegations following the general denial are not stated by the pleader as a second or further defense, it is plain enough that this was the intention. The matter pleaded is wholly separate and distinct from the general denial, and is in the nature of a separate equitable defense.

Do the facts set up constitute a defense, or entitle defendant to any relief? They are in substance as follows:

It is alleged that "on or about six years ago" Rude was the owner in fee of the land and in possession. He was a single man, well advanced in years, apparently without any intimately close friends or relations in the United States, and in failing health. Defendant and his family lived near the land. Rude proposed that if defendant "would care for and support the said Christian A. Rude upon the said tract of land during the remainder of his life, and to that end would move with his, defendannt's, family, upon the said tract of land * * * that he, the said Christian A. Rude, would give and convey the said tract of land above described to this defendant." It is alleged that defendant accepted and assented to "said statements, representations and requests," shortly afterwards moved upon the land with his family, and supported and cared for Rude upon the land and attended to his wants and necessities in all respects as requested by him. Thereafter and about two years before the action was brought, Rude, "without any justification or reason therefor, left this defendant and his home, and as defendant is informed * * * went to Norway, where he has ever since continued to remain", * * * not intending to return. It is alleged that Rude left no property in this country and is insolvent, that defendant took possession of the land and remains in possession under a claim of ownership based upon the facts above set forth; "that he has paid the taxes levied against the same, and he has made improvements thereon;" that the care and support furnished by

defendant to Rude during the years 1911, 1912 and 1913, were reasonably worth $500, and that the land is "of not much greater value than $500;" that defendant has at all times been and still is ready, able and willing "to care for and support said Christian A. Rude upon the premises above described and in the manner desired by the said Christian A. Rude."

The relief demanded is a judgment that plaintiff take nothing by this action and that defendant have judgment that he is the owner of the land, and for such other and further relief as may be just.

The attempt of the pleader is undoubtedly to plead an oral contract to convey the land to defendant, taken out of the statute of frauds by part performance. In our opinion the allegations fall far short of being sufficient either as to the contract or its performance.

The alleged contract is not one that can be specifically enforced. It is alleged that Rude represented that if defendant supported him "during the remainder of his life," he would "give and convey the said tract of land" to defendant. When was this gift and conveyance to be made? Necessarily not before Rude's death, as defendant could not complete his part of the agreement while Rude continued to need support. We perceive nothing in the agreement pleaded, if any agreement at all can be spelled out, that bound Rude to remain on the land and accept defendant's support, or which gives defendant any interest in the land in case Rude should decline to be supported.

Part performance sufficient to take the case out of the statute of frauds is not pleaded. Defendant went into possession, but Rude was in possession also. He alleges that he has paid taxes, but how much and for how many years is not stated. He alleges that he has made improvements, but that they were valuable or of any consequence, is not stated. Nor is it alleged that the improvements were made in reliance on the contract. No peculiar domestic relation existed between Rude and defendant. The answer clearly fails to state facts which show that defendant has changed his situation in reliance upon the alleged oral contract in such a manner and to such an extent that it would be either unconscionable or inequitable to invoke the statute against him. Chapel v. Chapel, 132 Minn. 86, 155 N. W. 1054.

Defendant insists that, even if not entitled to judgment that he is the

owner, he is entitled to a lien on the land for the value of the support furnished Rude during the three years before the latter left for Norway. No such relief is demanded in the answer, and we know of no principle upon which defendant is entitled to a lien to secure his claim against Rude for damages for breach of contract. Conceding that defendant might have such a claim, and that Rude is insolvent, as alleged, it is not apparent how defendant is entitled to a preference over other creditors. It is evident also that granting defendant a lien would in effect be depriving plaintiff of the land, thus nullifying the statute in this indirect way.

Our conclusion is that the demurrer was rightly sustained.

Order affirmed.