## THE STATE OF IOWA v. HESSENKAMP.

1. Indictment: SUFFICIENCY. An indictment which describes the offense charged in the language of the statute is sufficient, though it does not set out the technical name of such offense.

2. Malice: WHEN IMPLIED. When the consequences which would naturally follow any act, are criminal and mischievous, the law implies that the party acted with a malicious intent.

3. Criminal law: RAILROAD TRACK: That the defendant owned the land over which a railroad passed, and had never released the right of way to the same, is no defense to a prosecution for placing obstructions on the track of such road at a point on his own land.

4. —— A breach of the contract by which a railroad company has secured the right of way over certain lands, does not justify the owner in placing obstructions on the track of the railroad where it crosses his land.

*Appeal from Benton District Court.*

TUESDAY, JUNE 28.

THE defendant is indicted under § 4331 of the Revision, for willfully and maliciously placing obstructions on the track of a railroad in operation through the county of Benton; tried, found guilty, and sentenced to imprisonment in the penitentiary at hard labor for the term of two years; and thereupon appeals to this court.

*J. D. Templin* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

LOWE, J.—The regularity of the proceeding is questioned upon several grounds.

1. INDICT- MENT: sufficiency. *First.* It is objected that the indictment is not sufficient in several particulars, the most plausible of which is, that it does not name the offense. Technically, this is true. But it does describe the offense in the language of the statute, and states the acts of the defendant constituting the offense so clearly that he could not mistake the matter for which he stood charged. When this is done, according to § 4659, the indictment shall be deemed sufficient; and, indeed, we give the same answer to all the objections made, either in argument or by way of assignment, to the indictment before us. When subjected to the tests suggested in the foregoing section of the Code, we are unable to discover any defects which would justify us in holding the same to be bad on demurrer.

**2. MALICE:**
**when im-**
**plied.** II. Objection is made to a portion of the court's charge to the jury, embraced in the following language :

"In order to find the defendant guilty, you must find that he did the act willfully and maliciously. But if you find that the defendant knew that the railroad was at the time being used and run for the purpose of carrying freight and passengers over the road, and that he intended to place the obstructions on the road, malice will be implied, unless the defendant, on his part, shall have satisfied you that the obstructions were put upon the track for a lawful purpose."

We understand the point of the objection to go to the implication of malice under such a state of case. Malice not unfrequently is an element of crime, and we do not see why, in this as in other cases, it may not be shown inferentially. Its presence is often most difficult. to be proved affirmatively; but as the law presumes that the party intends the consequences which would naturally flow from his acts, so, when such results prove to be criminal and mischievous, the law will imply that the party acted maliciously. We think the charge was well put, and stated the law correctly.

**3. CRIMI-**
**NAL LAW:**
**railroad**
**track.** III. The defendant asked two instructions, in substance as follows :

That, if the jury beleive from the evidence, that the defendant owns the land where the obstruction was laid upon the railroad track, and the railroad company had not obtained the right of way over the same, then the defendant had a right to place what he pleased upon his own land, and should be acquitted.

This the court refused; and its ruling was so obviously right that we can scarcely believe that it is expected of us to undertake a vindication of its correctness.

Another objection, equally unfounded, is made to the

decision of the court, refusing as evidence the introduction of a certain instrument of writing, which showed, on the one hand, that he had granted the right of way to said company for a consideration named, and, on the other, that the company had agreed to secure the crossings by cattle guards at each inclosure and from the road in three years. In connection with this instrument, the defendant offered to prove that the alleged obstruction had been placed on the track where it passed over his lands. Such testimony could be offered but for one object, namely, to justify the unlawful act. But we need not say, that there can be no principle of law found anywhere that would recognize such a defense. If the railway company had failed to observe the covenants of their contract, the law afforded the defendant an ample and prompt civil remedy, and would not, of course, tolerate a resort to a felony which might imperil the lives of many innocent parties.

There may be considerations connected with this unfortunate transaction which would address themselves with force to the clemency of the executive of the State; but we are compelled to say that the record before us presents no such error or irregularity in the proceedings as would justify disturbing the same, and the judgment below will be

Affirmed.