## THE STATE OF IOWA V. SHAFFER.

1. **Statutes:** REPEAL: CRIMINAL LAW. Under section 29, Revision of 1860, (Code 1851; § 26), an indictment under a statute is not affected by a repeal of the statute.

*Appeal from Iowa District Court.*

TUESDAY, DECEMBER 18.

THE defendant was indicted on the 12th day of February, 1866, for a willful trespass committed by "cutting down and destroying eight trees, the same then and there being timber and wood standing and growing upon the land of another, to wit, S. M. Beason, there situate." The defendant demurred to the indictment, because the court had no jurisdiction of the offense charged, for that the statute under which the indictment was found had been repealed and the offense was now triable only before a justice of the peace. The court sustained the demurrer, and the State appeals.

*F. E. Bissell*, Attorney-General, for the State.

*Martin & Kagy* and *J. H. Murphy & Bro.* for defendant.

COLE, J.—The offense charged in the indictment was, by the Revision of 1860, section 4324 (Code of 1851, § 2683), punishable by fine not exceeding five hundred dollars, or imprisonment in the county jail not more than one year, or both, at the discretion of the court. By an act approved March 15, which took effect March 28, 1866, section 4324 of the Revision was so amended as that in cases where the value of the property taken or injured did not exceed fifty dollars,

*1. STATUTE: repeal: criminal law.*

the punishment should be limited to one hundred dollars. fine or thirty days' imprisonment. Laws 1866, p. 25.

By article 1, section 11, of the Constitution of this State, all offenses less than a felony and in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days, are to be tried summarily before a justice of the peace, upon information, &c., without indictment.

The indictment in this case was found and returned into court on the 12th of February, 1866, before the amendment to section 4324, *supra*, and it does not charge the value of the property taken or injured. The defend-· ant claims that by reason of the amendment, this case is triable only before a justice of the peace upon information.

Whatever may have been the rule of law, aside from any legislative enactment, it is clear, under our statute, that the court erred in sustaining the defendant's demurrer. · Subdivision of section 29 of the Revision (§ 26 of Code of 1851) provides that " the repeal of a statute does not revive a statute previously repealed; nor does such repeal affect any right which accrued; any duty imposed, *any penalty incurred*, nor any proceeding commenced under or by virtue of the statute repealed." See also Revision, section 5113.

The amendment to section 4324 is to be construed in connection with this section, and with such section it is equivalent to adding to such amendment, " provided that this amendment shall not affect any penalty incurred under the section aforesaid." This subdivision of section 29 of the Revision, was not presented by counsel, and hence not passed upon by the court in the case of *The State of Iowa* v. *Burdick*, 9 Iowa, 402.

The indictment is sufficiently definite as to offense charged, it being in the language of the statute, and also

as to the real estate upon which the offense was committed. See *The State of Iowa* v. *Hessenkamp*, 17 Iowa, 25; *Same* v. *Baldy*, 17 Id., 39; *Same* v. *Watrous*, 13 Id., 489.

Reversed.