THE STATE v. ALDERMAN ET UX.

**Criminal Law:** INDICTMENT: NUISANCE. An indictment, under Sec. 4411 of the Revision, charging the accused with keeping " a house of ill-fame for the purpose of prostitution and lewdness, to the disturbance of others," is sufficient and conforms to the statute.

*Appeal from Buchanan District Court.*

FRIDAY, APRIL 23.

THE defendants were indicted, tried and convicted for the crime of nuisance, in keeping a house of ill-fame for the purpose of prostitution and lewdness. From the judgment rendered against them they appeal to this court.

*A. F. Brown,* for appellant.

*M. E. Cutts, Attorney General,* for the State.

MILLER, CH. J.—The indictment upon which the defendants were tried and convicted is as follows:

" The Grand Jury of the county of Blackhawk, in the name and by the authority of the state of Iowa, accuse Andrew J. Alderman and Eliza Alderman of the crime of nuisance in keeping a house of ill-fame, committed as follows: The said Andrew J. Alderman and Eliza Alderman, heretofore, to-wit: on the 1st day of January, A. D. 1871, in the county aforesaid, and on divers other times and days between said day and the day of this indictment, and continuing from said 1st day of January, 1871, to the day of finding this indictment, did keep, and still continued to keep, a house of ill-fame, for the purpose of prostitution and lewd-

ness, and did then and there permit divers persons of both sexes in said house to commit fornication and adultery to the disturbance of others and to the common nuisance of all the good people of the state." (Properly signed.)

The defendants demurred to this indictment, which was overruled, and this ruling is now assigned as error.

The objection urged to the indictment is that it does not, in charging the offense, conform to section 4352 of the Revision. This section provides that, "if any person keep a house of ill-fame, resorted to for the purpose of prostitution or lewdness, he shall be punished," etc. The specific objection is, that the indictment does not charge that the "defendants kept a house of ill-fame *resorted to for the purpose of prostitution or lewdness.*"

The mistake of appellants is in supposing that the indictment was drawn under this section of the Revision. The

CRIMINAL LAW: indictment: nuisance.

section above referred to provides for the punishment of persons who keep houses of ill-fame *resorted* to for the purpose of prostitution or lewdness. This indictment does not attempt to charge the offense there defined. On the contrary, it was drawn under section 4411 of the Revision, which is as follows: "Houses of ill-fame *kept for the purpose of prostitution and lewdness*, gambling houses, or houses where drunkenness, quarreling, fighting, or breaches of the peace are carried on, or permitted, to the disturbance of others, are *nuisances*, and may be abated and punished as provided in this chapter." The next section provides for the punishment of persons who shall be convicted of erecting, causing or continuing a public or common nuisance as described in that chapter of the statute. It will be observed that the indictment in this case charges the offense of continuing a public nuisance, by *keeping* "*a house of ill-fame for the purpose of prostitution and lewdness*," "to the disturbance of others," etc. In this it conforms strictly to the language of the statute defining the offense, and is sufficient. *State v. Hessenkamp*, 17 Iowa, 25; *The State v. Baldy*, Id., 39; *The State v. Douglass*, 7 Id., 413; *The State v. Shaw*, 35 Id., 575, and cases cited.

II.  Counsel for appellants urge with zeal and ability that the evidence does not warrant the conviction of the defendants.  We have given the evidence a very careful examination, and find ourselves unable to agree with the learned counsel for appellants.  To our minds the evidence leaves no room for a reasonable doubt of the guilt of the defendants.  A discussion of the evidence is unnecessary.  We content ourselves with stating our conclusion thereon, that it fully sustains the verdict.

We have examined the whole record, as it is our duty to do, and fail to find any error therein.  The judgment will, therefore, be

AFFIRMED.