WM. J. DEAN *et al. vs.* CHARLES HOWARD.

Submitted on briefs April 12, 1892.    Decided April 25, 1892.

**Demurrer to Part Only of a Defense.**—The rule that demurrer will not lie to *a part* of what is alleged as constituting a defense or counter-claim applied.

Appeal by plaintiffs, William J. Dean, Charles C. Webber, Charles H. Deere, and Stephen H. Velie, from an order of the District Court of Freeborn County, *Farmer*, J., made February 25, 1892, overruling plaintiff's demurrer to the fourth paragraph of the answer.

The complaint stated that plaintiffs were partners doing business under the firm name of Deere & Co., and on September 12, 1890, sold and delivered to Charles Howard, the defendant, a hay press and horse power for $400, to be paid in installments within nine months with eight per cent. interest; that in October following, by mutual consent, the horse power was returned, and defendant had credit of $75 therefor; that on November 19, 1890, a modified agreement was substituted for the original, whereby defendant was to store the press until March, 1891, and then notify plaintiffs, and they should send a man to start it, when, if it fulfilled the warranty, he was to pay $325 and interest; that he never notified plaintiffs, or paid for the hay press.

The defendant answered that plaintiffs warranted the hay press to be well made, of good material, and capable of pressing hay at the rate of twenty to thirty bales per hour.    He further alleged that it was not well made or of good material, and was incapable of pressing hay at the speed stated, and for that reason he had returned it to plaintiffs, and they had accepted it and canceled the debt.    He denied the other allegations in the complaint.

The fourth paragraph of the answer followed.    It stated that the hay press was useless and worthless, was not well made of good material; that defendant purchased it relying upon the warranty; that it was poorly made of inferior material, was defective in construction and design, and frequently broke and got out of repair, whereby defendant was damaged $400, and demanded judgment for his costs.

The plaintiffs demurred to this fourth paragraph of the answer on the ground that it did not constitute a counterclaim or defense. They replied to the residue of the answer. The issue of law arising upon the demurrer was tried at Spring Valley, Minn., February 16, 1892. The court overruled the demurrer, and allowed plaintiffs to reply in ten days. Plaintiffs appeal.

*Wilson & Van Derlip,* for appellants.

The plaintiffs' cause of action against the defendant is under and by virtue of what is termed in the complaint the new agreement, as related to the old or original agreement. The defendant denies all the allegations of the complaint in respect to the new agreement; hence the allegations of the answer, in respect to breach of warranty, must relate to the sale of September 12, 1890, and the warranty given therewith, unaffected by the new agreement. This being true, such allegations are not responsive to plaintiffs' alleged cause of action, and hence cannot constitute a defense or counterclaim thereto.

The defendant alleges in the third paragraph of his answer that all matters between plaintiffs and defendant arising out of the sale of September 12, 1890, were mutually adjusted and settled. This would constitute a defense, and the allegations, taken as a whole, are not demurrable. It must follow that the allegations in paragraph four (4) are inconsistent with those in paragraph three, (3,) and do not constitute a counterclaim or a defense to plaintiffs' demand. Defendant's failure to notify plaintiffs to send a man to start the press operated as a waiver of the only condition to a fully consummated sale, and defendant became liable at once to plaintiffs for the purchase price agreed upon. *Dodge* v. *Rogers,* 9 Minn. 223 (Gil. 209;) Bish. Cont. § 1421.

*Lovely & Morgan,* for respondent.

The plaintiff's demurrer to paragraph four (4) of the answer was properly overruled. The refusal of the court to sustain the demurrer to such segregated portion of the answer is the only error complained of on this appeal. Appellants' effort to select dependent

paragraphs of the answer and isolate them from the remainder is not permissible. The answer, as a whole, must be read together; and if, when so considered, the entire pleading embraces a defense to the plaintiffs' claim, it is not open to a general demurrer for insufficiency. *Campbell* v. *Jones*, 25 Minn. 155. *First Nat. Bank of St. Paul* v. *How*, 28 Minn. 150.

The paragraph complained of does not assume to state a separate or entire defense. If its averments are irrelevant or immaterial, or do not tend to constitute a defense, the remedy is not by demurrer, but by motion to elect, or to strike out. *Walsh* v. *Kattenburgh*, 8 Minn. 127, (Gil. 99;) *Armstrong* v. *Hinds*, 9 Minn. 356, (Gil. 341;) *Knoblauch* v. *Foglesong*, 38 Minn. 459; *Pratt* v. *Sparkman*, 42 Minn. 448.

The absence of any allegation in the complaint that the machine would fulfill the warranty is a fatal defect, and may be taken advantage of upon plaintiff's demurrer to the answer. *Smith* v. *Mulliken*, 2 Minn. 319, (Gil. 273;) *Yoss* v. *De Freudenrich*, 6 Minn. 95, (Gil. 45;) *Thornton* v. *Smith*, 11 Minn. 15, (Gil. 1.)

DICKINSON, J. The order overruling the demurrer to the fourth paragraph of the answer should be affirmed, for the reason that a demurrer will not lie to *a part* of what is alleged as constituting a defense or counterclaim. Admitting that the defendant sought in the answer to plead a breach of warranty as a counterclaim, the whole of the facts alleged and bearing upon that subject are not embraced in the paragraph demurred to. The second, at least, if not the third and fifth, paragraphs, contain allegations bearing upon that subject, and the whole pleading does not justify the conclusion that the pleader intended to rely upon what is alleged in paragraph 4 alone as constituting a defense or counterclaim; hence a demurrer to that paragraph merely does not test the sufficiency of the answer, even as to the subject to which that paragraph relates. While the several paragraphs are all numbered consecutively, it is apparent that this numbering was intended only to mark the paragraphs, and not to indicate separate or independent defenses.

The answer, certainly, is not in commendable form, but its defects are not reached by this demurrer. As to whether the entire answer shows a breach of the warranty by the plaintiffs we do not determine.

Order affirmed.

(Opinion published 51 N. W. Rep. 1102.)

