STATE OF MINNESOTA v. EDSON R. SMITH.[1]

Nov. 25, 1895.

Nos. 9668—(111).

**Receiving Deposits in Insolvent Bank — Repeal of Statute — Effect on Pending Prosecution.**

The defendant was prosecuted under Penal Code, § 467, which made the receiving of deposits in insolvent banks a misdemeanor. He was convicted in the justice court, and appealed to the district court, but before his trial in that court this section was repealed by an amendment making the offense a felony (Laws 1895, c. 219). Held, that the general saving statute ((L. S. 1894, § 258) applies to such repeal to the same effect as if a similar saving clause had been added to the amendment, and that the defendant may be tried, and, if found guilty, punished under the law as it was before such repeal; overruling State v. McDonald. 20 Minn. 119 (136).

**Complaint.**

Held, that the complaint in this case charges a public offense.

Case certified from district court for Le Sueur county, Cadwell, J. Affirmed.

*H. W. Childs*, Attorney General, and *George B. Edgerton*, for the State.

*C. R. Davis*, for defendant.

[1] Reported in 64 N. W. 1022.

START, C. J. The defendant, Edson R. Smith, on July 3, 1894, was arrested and brought before a justice of the peace upon a warrant issued upon a complaint which charged him, jointly with his codefendant and partner, with having received a deposit in their bank, knowing such bank and each of themselves to be insolvent. Such charge was based upon section 467 of the Penal Code of the state,. as it then existed. Upon being arraigned before the justice, he entered the plea of not guilty. A trial was had, resulting in his conviction and sentence to the county jail for the term of 60 days. From. such judgment he appealed to the district court of Le Sueur county. At the next general term of the district court commencing on the third Monday of October, 1894, this cause was placed upon the calendar for trial, and by consent of parties continued to the next general term of the court. The case was moved for trial at the April,. 1895, general term, and thereupon the defendant moved the court to. dismiss the action, and discharge the defendant upon the grounds: (1) That the complaint does not state facts sufficient to constitute a public offense; (2) that since the commission of the offense charged and the commencement of the prosecution therefor, Penal Code, § 467, has been repealed, and Laws 1895, c. 219, substituted therefor.. The court overruled the defendant's motion, to which ruling he excepted, and at his request the court certified the questions arising upon such motion to this court for its decision.

1. The only reason suggested by defendant why the complaint does not charge a public offense is that the offense attempted to be charged is one which from its very nature only one person can commit, and therefore two defendants cannot be joined in the complaint. It is only necessary for us to suggest that two or more persons who are partners as bankers may jointly commit the crime of receiving deposits knowing the bank and themselves to be insolvent. One may direct, aid, or advise, and the other do the physical act of receiving the deposit. And, further, it is wholly immaterial whether this is so or not, for, if the complaint charges this defendant with the crime,. no matter who else may have been charged with joining with him in the act, his motion was properly denied, for he had previously pleaded not guilty to the charge, and his motion to dismiss could not be granted unless a general demurrer would lie. The complaint charged the commission of a public offense by the defendant.

2. This prosecution was commenced under the provisions of Penal Code, § 467, which at that time and also when the alleged offense was committed, punished the offense as a misdemeanor only; but afterwards, by Laws 1895, c. 219, this section was amended by substituting therefor new provisions making the offense a felony in all cases. The law of 1895 contained no saving clause, and the defendant claims that he cannot be prosecuted or punished under Penal Code, § 467, because it has been repealed; or under the amendment, because it increases the punishment, and it is as to him ex post facto.

His claim as to the amendment is correct. He cannot be prosecuted or punished under it. In re Medley, 134 U. S. 160, 10 Sup. Ct. 384. This the attorney general concedes, but claims that the general saving clause (G. S. 1894, § 258) prevents the repeal, by the amendment of the law existing at the time the offense was committed and prosecution commenced, from becoming operative as to such past offenses precisely as if such general saving clause had been re-enacted in the amendment. The general saving clause is in these words: "Whenever a law is repealed which repealed a former law, the former law shall not thereby be revived, unless it is so specially provided; nor shall such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under or by virtue of the law repealed."

It would seem, from a mere reading of this provision, that the claim of the state was correct, for it cannot be doubted that, where the repealing statute contains a saving clause as to prior crimes, the offender may be prosecuted and punished under the old law, for it is not repealed as to such offenses. Now, practically the same result may be reached by a general law providing, in effect, that all offenses committed or prosecutions commenced under laws in force when the crimes were committed should not be affected by a repeal of such laws. Such a statute is in the nature of a general saving clause, and is not only appropriate, but necessary to prevent a miscarriage of justice, and a general jail delivery as to prior offenses, where a penal law is repealed or amended, and no special saving clause added. Such seems to us to be the manifest purpose of this section 258, but the original of this section is G. S. 1866, c. 4, § 3, of which the commissioners to revise the statutes in their report to the legislature say: "Section 3 seemed to the commissioners to be proper and necessary

as a general and continuing rule, but is not intended to apply to cases of a strictly criminal nature." If the construction to be given to this section is doubtful, the views of the commissioners would be entitled to perhaps controlling weight. The language of the commissioners applies to the whole section, but certainly the first clause thereof, to the effect that the repeal of a law which repealed a former law does not revive the latter unless it is so specially provided, applies to all statutes, including penal statutes. If the first clause of the section applies to the repeal of penal statutes, why should it not be held that the second clause also applies to such statutes? That both clauses of the section apply to the same statutes and to all statutes which are repealed, seems to be manifest from the language used and the grammatical connection of the two clauses. Two evils were evidently intended to be guarded against by the provisions of the section we are considering, viz. the revival of statutes by a repeal of the repealing law, and the miscarriage of justice by the practical pardon of all offenders who had committed a public offense prior to the repeal of a penal statute, to which the legislature, in the hurry and confusion of amending and enacting statutes, failed to attach a special saving clause. We are of the opinion that this statute applies to the repeal of all statutes, including those which are penal.

The second clause of section 258 is, with the exception of one word a literal copy of section 26 of the Iowa Code of 1851, which is in these words: "Nor does ["shall" in our statute] such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." The identity of the two statutes is suggestive of the origin of our own. The supreme court of Iowa, in the case of State v. Shaffer, 21 Iowa, 486, held that the general saving clause we have quoted applied to the repeal by amendment of a penal statute, and was equivalent to adding to such amendment the words: "Provided that this amendment shall not affect any penalty incurred under the section aforesaid." Such general statutes have been enacted in many of the states and by congress, and are construed by the courts to have the force and effect of saving statutes. When a repeal is enacted, either directly or by way of amendment, accompanied by no special saving clause, the general and permanent saving clause contained in an existing and prior statute attaches to the repeal or amendment, unless

a contrary legislative intent plainly appears from the repealing statute or amendment. Sutherland, St. Const. §§ 167, 226; 23 Am. & Eng. Enc. Law, 437; Wharton v. State, 5 Cold. 1, 94 Am. Dec. 214, 219, note; People v. McNulty, 93 Cal. 427, 29 Pac. 61; U. S. v. Barr, 4 Sawy. 254, Fed. Cas. No. 14,527; Gilleland v. Schuyler, 9 Kan. 569, 581. Laws 1895, c. 219, which is a substitute for Penal Code, § 467, under which this prosecution was commenced, manifests no purpose of the legislature to take it out of the operation of the general and permanent saving statute (G. S. 1894, § 258), and Penal Code, § 467, remains in force as to all offenses committed prior to its amendment.

In reaching this conclusion we have not overlooked the case of State v. McDonald, 20 Minn. 119 (136). At the time the decision in that case was made the general saving clause we have been considering was in force (G. S. 1866, c. 4, § 3), and the case is opposed to the views we have expressed. But it appears from the brief of counsel for the state in that case that the attention of the court was not called to this general saving statute, and no question of its application or effect was in fact discussed or passed upon by the court. Technically, the case decides that the general saving clause (G. S. 1866, c. 4, § 3) was not applicable to the repeal of a penal statute. It therefore must be and is overruled.

The rulings of the trial court upon the questions certified to us must be affirmed. So ordered.