STATE OF IOWA v. JANE STINSON BEEBE, Appellant.

Indictment: KEEPING HOUSE OF ILL FAME.—Code, section 4939, provides that if any person keep a house of ill fame resorted or for the purpose of "prostitution or lewdness," such person shall be imprisoned in the penitentiary. An indictment charged that defendant kept a house of ill fame, resorted to by divers ill-disposed persons for the purpose of "prostitution and lewdness," *Held*, that the contention that the indictment was void for duplicity, because it used the conjunctive, while the statute uses the disjunctive, was without merit.

SAME. The contention that the indictment was bad because it failed to give the names of the persons resorting to the house was without merit, since the names of such persons are not an essential element of the offense.

*Same.* The indictment, being in the language of the statute, sufficiently individuated the offense.

*Same.* It was unnecessary to allege in such indictment that the act was done feloniously.

Evidence: SPECIFIC OBJECTIONS: *Reputation.* Code, section 4944, provides that the state, upon the trial of any persons indicted for keeping a house of ill fame, may, for the purpose of establishing the character of the house, introduce evidence of its general reputation. The state failed to confine its questions as to the reputation of the house to the time prior to the finding of the indictment, and defendant objected to such questions as incompetent, irrelevant, and immaterial. *Held*, that there was no error in the record of which defendant could complain, since she failed to specifically point out her objections to the questions.

FAILURE TO OBJECT: *Later objections.* Since reputation is not made in a day and much evidence on the point of the reputation of the house, down to the time of the trial, having had admitted before the objection was made, error in admitting further evidence on the same point was without prejudice.

*Same.* Where, upon a prosecution under Code, section 4939, for keeping a house of ill fame, defendant allowed her witness to answer improper questions without objection, the admission of such testimony was not reversible error.

CROSS-EXAMINATION: *Reputation.* Where a witness of the defendant, who was charged with keeping a house of ill fame, gave evidence in chief that defendant was reputed to be a charitably disposed person, who was kind to those who were sick and in distress, and that he had never seen anything out of the way at her house, it was in the discretion of the court to allow such witness to be questioned on cross-examination as to the reputation of the house, and the admission of such questions was not reversible error.

EVIDENCE: *Instructions.* Upon a prosecution under Code, section 4939, for keeping a house of ill fame, the court instructed that, in considering whether the house was a house of ill fame, the jury should carefully consider its reputation, the actions of those visiting it, the time they did so, the reputation of the inmates of the house, as well as the reputation of those who visited the house, and all the facts and circumstances shown in evidence, and from these determine the real character of the house "charged in the indictment to be a house of ill fame." *Held*, that the contention that the instruction foreclosed all inquiry regarding the character of the house was without merit, and that the instruction was correct.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

WEDNESDAY, DECEMBER 18, 1901. '

INDICTMENT for keeping a house of ill fame. From a verdict and judgment of guilty, defendant appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General for the State.

DEEMER, J.—The indictment charges that the defendant kept a house of ill fame, "resorted to by divers ill-

disposed persons for the purpose of prostitution and lewd-
ness." It was found under section 4939 of the Code,
which reads: "If any person keep a house of ill
fame resorted to for the purpose of prostitution or
lewdness such person shall be imprisoned in the penitentiary
not less than six months nor more than five years." De-
fendant contends that the indictment is void for duplicity, in
that it charged that the place was resorted to both for pros-
titution and for lewdness. There is no merit in this conten-
tion. The language of the statute is disjunctive, and it is
permissible to use conjunctive words in the indictment.
*State v. Feuerhaken,* 96 Iowa, 299. It is also said
to be bad because the names of the persons resorting
to the houses are not given. This is unnecessary.
*State v. Feuerhaken, supra.* The names of the persons re-
sorting to the houses are not an essential element of the
offense. *State v. Alderman,* 40 Iowa, 375 ; *State v. Maurer,*
7 Iowa, 406 ; *State v. Patterson,* 29 N. C. 70 (45 Am. Dec.
506) ; *State v. Prescott,* 33 N. H. 212 ; *Com. v. Ash-
ley,* 2 Gray, 356. The indictment is in the language
of the statute, and this so far individuates the offense
that nothing further is required. *State v. Bauguess,* 106
Iowa, 107 ; *State v. Porter,* 105 Iowa, 677. It was unneces-
sary to allege that the act was done feloniously.

II. Section 4944 of the Code reads as follows: "The
state upon the trial of any person indicted for keeping a
house of ill fame may for the purpose of establishing the char-
acter of the house kept by defendant introduce evi-
dence of the general reputation of the house as so
kept." The state introduced evidence to show the repu-
tation of the house, but the county attorney did not, by his
questions, confine the time to a period antedating the find-
ing of the indictment. Defendant's objections to the ques-
tions were incompetent, irrelevant, and immaterial. These
objections were overruled. When specific objection was

made because no time limit was fixed, the county attorney corrected his question, and propounded one which is admitted to be within the statute. Moreover, evidence as to general reputation of the house down to the time of trial was received without objection. In view of this record, there was no error of which defendant may justly complain. Reputation is not made in a day, and the defendant should have pointed out in her objection the exact point relied upon. Each question propounded called for the reputation of the house at a time prior, and also subsequent, to the finding of the indictment. In view of this fact, defendant should have specifically pointed out her objection. Again, as much evidence on this point was admitted before objection was made, the ruling, even if erroneous, was without prejudice.

III. Complaint is made of evidence said to have been offered by the state, over defendants objections to the effect that defendant's reputation for chastity prior to the finding of the indictment was bad. We do not find that any such evidence was admitted. An attempt was made to offer it, but the court either excluded it, or such as was received went in without proper objection being lodged against it. Whether or not evidence as to the character of the keeper is admissible is a question upon which the authorities are not agreed. See cases cited in 9 Ency. Pl. & Prac. pp. 534, 535, and cases cited. In *State v. Hand,* 7 Iowa, 411, we held that such evidence is not admissible for the purpose of showing defendant was guilty of the crime. Without at this time committing ourselves, it is sufficient to say that the weight of authority seems to favor the admission of such evidence as tending to show the character of the house. See *State v. Brunell,* 29 Wis. 435; *People v. Saunders,* 29 Mich. 269; *Betts v. State,* 93 Ind. 375; *Sparks v. State,* 59 Ala. 82. Contra, *State v. Hull,* 18 R. I. 207 (26 Atl. Rep. 191, 20 L. R. A. 609); *U. S. v. Nailor,* 4 Cranch,

C. C. 372 (Fed. Cas. No. 15,853). The objection that the state was not limited as to time does not properly arise on the record.

IV. One Hilliard was offered as a witness by the defendant, who gave evidence to the effect that defendant was reputed to be a charitably disposed person, who was kind to those who were sick and in distress, and that he had never seen anything out of the way at her house. He was asked on cross-examination about the reputation of the house,—as to its being a house of ill fame,—and testified, over defendant's objection, that it had that reputation. Claim is now made that this was not cross-examination. We think it was proper, or at least that it was within the discretion of the court to permit such a cross-examination. The evidence the witness gave in chief opened a wide door as to the character of the house. The objection to witness Hoff's cross-examination has no foundation in the record. Carrie Patterson was a witness for defendant. She was asked on cross-examination if she had not been tried on the charge of killing her husband. No objection was interposed to this question, but we extract the following from the record: "Q. Now, Mrs. Patterson, you have been tried under the charge for killing your husband, haven't you. A. Yes, I have; and I want you to know that I won't stand that. I will kill him if he don't stop it. (Great excitement. Court stops proceedings until order is restored.)" The question was manifestly improper, but the defendant seemed to court the investigation by allowing the witness to answer. Just what is meant by the parenthetical clause, we are unable to discover. As defendant seemed to be content to have the witness answer, we cannot say there was error of the trial court, or any such misconduct of counsel as would justify us in interfering. In any event, the question of prejudice was for the trial court. *State v. Gadbois,* 89 Iowa, 25.

V. Instruction No. 6 reads as follows: "(6) In con-

sidering the question as to whether or not the house kept by the defendant, if you find that she did keep it, was a house of ill fame, resorted to by divers persons for the purpose of prostitution and lewdness, you will carefully consider the reputation of the house, the actions of those visiting the house, the time they did so, the reputation of the inmates of the house, as well as the reputation of those who visited the house, and all the facts and circumstances shown in evidence, and from these determine the real character of the house, charged in the indictment to be a house of ill fame." This is said to foreclose all inquiry regarding the character of the house. We do not think so. The last clause of the instruction, which is made a special target, simply indentifies the house, and has no reference to its character. Its character was left to the jury. Properly emphasized, it is absolutely correct, and there is no reason for believing that the jury understood the character of the house was assumed by the court.

No prejudicial error appears, and the judgment is AFFIRMED.