Chew, J.
The defendant in error, Howard F„ Lawrence, in his petition in error in the circuit court, assigned as grounds of error, in the record and proceedings of the court of common pleas, the following:
1. The court erred in overruling the motion of the plaintiff in error to quash the indictment in this action.
2. The court .erred in sustaining the demurrer to the plea in abatement of the plaintiff in error.
3. The court erred in striking from the files the application to amend the plea in abatement and in refusing to permit the same.
4. The court erred in overruling the demurrer of plaintiff in error to the indictment.
5. The court erred in overruling the motion of plaintiff in error for a change of venue.
6. The court erred in admitting testimony offered on the trial by the State and to which plaintiff in error at the time objected.
7. The court erred in rejecting evidence offered by the plaintiff in error on the trial of the cause and to which the plaintiff in error excepted.
8. The court erred in its charge to the jury.
*42 9. The court erred in refusing to give the special charges requested by the plaintiff in error.
10. The verdict is contrary to the manifest weight of the evidence and the law.
11. There is no evidence to support the verdict.
■ 12. The verdict was given for the state when it should have been given in favor of the plaintiff in error.
13. The law which made the offense charged a crime at the time of its alleged commission, has since been repealed and is no longer in force.
14. The court erred in overruling the motion of plaintiff in error for a new trial.
15. The court erred in sentencing the defendant and the sentence is excessive.
16. Other errors apparent upon examination of the record.
These several assignments of error were all considered and sustained by the circuit court, except the first, second, fifth and seventh assignments, which were held by the court to be not well taken, and were overruled. Of the several errors thus found by the circuit court in the record and proceedings of the trial court, two only, we think, need be especially noticed or considered by us in this opinion, namely: the sixth and thirteenth assignments. The thirteenth assignment of error, was as above shown, that the law which made the offense charged a crime, at the time of its alleged commission, had prior to the time of the indictment and trial of said Howard F. Lawrence, in the court of common pleas, been repealed. Under this assignment it was claimed by counsel for Howard F. Lawrence, in the circuit court, and it is claimed by them here, that inasmuch ns the statute in force at the time of the alleged *43 commission of the crime charged, had, prior to the time of the indictment and trial of said Howard F. Lawrence, been repealed, that therefore his indictment was without authority of law, and Ms trial, conviction and sentence were illegal and void. And the circuit court so held and adjudged, predicating its'judgment in that behalf, solely upon the authority of In re Kline, 70 Ohio St., 25. While it must be admitted that this judgment of the circuit court finds apparent sanction and support in the language used by this court in the first paragraph of the syllabus of the case relied on, yet inasmuch as the question involved in the present case was neither involved, nor determined by the judgment in the Kline case, a consideration of the facts of that case, having due regard to the question then before the court, makes it clear, we think, that the judgment of this court in that case may not properly be invoked in support of the judgment of the circuit court in the present case.
The repeal under consideration in the Kline case was of the act familiarly known as the “Habitual Criminal Act. ’ ’ Previous to the repeal of said act, and while the same was yet in full force and effect, Kline had been indicted, convicted, sentenced and imprisoned thereunder, and at the time of the repeal of said act, his prosecution was fully ended. There was therefore no question before the court in that case, as to the effect such repeal would or could have on a pending prosecution, or a cause of prosecution existing at the time of said repeal; and section 79, Revised Statutes, was neither involved nor considered in the determination of that case. The first paragraph of the syllabus in the Kline case is as follows: “Where a statute defining a crime and prescribing the punishment therefor is repealed at *44 any time before final judgment thereunder, such repeal forecloses all further proceedings in such prosecution unless a contrary intent appears in the repealing statute. ’ ’ The language employed in this, paragraph, considered independently, and apart from the particular question then before the court for determination, is misleading, and undoubtedly states the rule of law too broadly. While, unquestionably, the law is, that the repeal of a statute which authorizes a prosecution and imposes a penalty, operates to prevent any prosecution, trial or judgment thereafter for an offense committed against said statute while it was yet in force, unless a contrary intent appears in the repealing statute, or some other then existing statute, yet it is equally the well settled law, of this state at least, that it is not necessary upon the repeal of a criminal statute., in order to preserve or save existing causes of prosecution, or the right to prosecute therefor, that the intent so to do shall appear in the repealing statute itself, for by section 79, Revised Statutes, it is expressly provided, that the repeal of a criminal statute shall in no manner affect causes of prosecution existing at the time of the repeal, unless it be otherwise expressly provided in the repealing act. Section 79 is as follows: “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner effect (affect) pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not effect (affect) pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment effect (affect) causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless other *45 wise expressly provided in the amending or repealing act. ’ ’ In the present case, the indictment against the defendant Howard F. Lawrence was found and returned by the grand jury of Holmes county, on September 29, 1903. The crime charged in said indictment was alleged to have been committed by him on April 26, 1901. The statute defining the crime charged, and in force on April 26, 1901, is section 6816, Revised Statutes, which provides as follows: “Whoever has carnal knowledge of a female person, forcibly and against her will, or, being eighteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape. ’ ’ This statute in its present form was enacted March 3, 1896 (92 O. L., 54), and it has not since, been either amended or repealed. The punishment upon conviction under this section, is prescribed and provided for in section 6817, Revised Statutes, which section, at the time of the alleged commission of the crime charged, read as follows: “A person convicted of rape upon his daughter, sister, or female person under twelve years of age, shall be imprisoned in the penitentiary during life; and a person convicted of rape upon any other female person shall be imprisoned in the penitentiary not more than twenty or less than three years. ’ ’ Between the date of the commission of the alleged crime and the time of the finding of the indictment, to-wit: on May 2, 1902, above section 6817 was amended (95 O. L., 344), and said original section 6817, in force on April 26, 1901, was repealed. The repealing act containing no saving clause as to then existing causes of prosecution. Did this repeal of section 6817, as held by the circuit court, destroy, or take *46 away, the right of the state to prosecute for offenses existing under section 6816, at the time of such repeal? This, we think, is answered, not only by the provisions of section 79, Revised Statutes, but also by the opinion of this court in Chinn v. State, 47 Ohio St., 579. In the latter case, Chinn was indicted at the May term, 1890, of the court of common pleas of Lawrence county, for the crime of incest. The indictment charged the crime to have been committed August 10, 1879; subsequent to the latter date, but prior to the date of the finding of the indictment, the statute in force at the time of the alleged commission of the crime had been repealed. Minshall, C. J., in the opinion in that case, discussing the effect of such repeal, says: “though the offense charged in the indictment is laid as having been committed before the repeal, yet, by virtue of section 79, Revised Statutes, the right of the state to prosecute for existing offenses, was not affected by the repeal. Railroad Co. v. Belt, 35 Ohio St., 479-481.” This case is not in conflict with the judgment in the Kline case, and must be held, we think, to be decisive of the question now under consideration in the present case. It follows, therefore, that the circuit court erred in holding, that the repeal of original section 6817, deprived the state of all right thereafter to' prosecute the defendant, Howard F. Lawrence, for a cause of prosecution existing against him at the time said section was repealed. And this result follows, although it be admitted, as claimed, that sections 6816 and 6817 are so related and dependent, that legislation affecting one necessarily affects both. Palmer v. State, 42 Ohio St., 596; United States v. Barr, 4 Sawyer, 254; State v. Shaffer, 21 Ia., 486; State v. Smith, 62 Minn., 540; Rooney v. *47 North Dakota, 196 U. S., 319; Sutherland on Statutory Construction, sec. 287. The fourth, tenth, eleventh, twelfth, fourteenth, fifteenth and sixteenth, of the above assignments of error, were sustained by the circuit court upon the sole ground, that the repeal of original section 6817, Revised Statutes, without saving clause in the repealing act, left the state without right'to prosecute the defendant for an offense committed previous to the time of such repeal. For reasons above stated, this we think was erroneous. We are further of opinion, that the circuit court erred in sustaining the third, eighth and ninth assignments in the petition of plaintiff in error in that court. Under the ninth assignment, which was, “that the court of common pleas erred in refusing to give the special charges requested by the plaintiff in error, ’ ’ the circuit court held^ that requests number three and four should have been given and that the refusal of the court to give the same was error. This holding of the circuit eourt was evidently an inadvertence for an inspection of the bill of exceptions in this case discloses the fact, that said original requests number three and four are each attached to the bill of exceptions, and each bears the endorsement, presumably in the handwriting of the trial judge, “approved and given,” and it further appears by affirmative statement in the bill itself that both these requests were given as requested. The sixth assignment of error in the circuit court was that: * ‘ The court erred in admitting testimony offered on the trial, by the state, and to which plaintiff in error at the time objected.” On the trial of this cause in the court of common pleas the testimony disclosed that sometime during the month of August, 1903, the prosecuting witness *48 Gambia Kasner, made complaint in bastardy against the defendant, Howard F. Lawrence, charging him with the paternity of the child with which she alleged she was then pregnant, and which she claimed was begotten on the fifteenth day of May, 1903. Much testimony was offered and admitted, over the objection of the defendant, tending to show that the defendant, Howard F. Lawrence, on divers occasions and to different persons, confessed or admitted that he had had sexual intercourse with said Cambia Kasner on or about May 15, 1903, and that he was the father of her unborn child. Many of these confessions and admissions so made by defendant, had relation solely and only, to acts of sexual intercourse had by him with said Cambia Kasner on or about May 15, 1903, more than two years after the time of the commission of the alleged offense for which he was then being tried. These acts of sexual intercourse thus admitted by defendant, having confessedly occurred more than two years after the commission of the offense charged, and after said Cambia Kasner had attained the age of sixteen years, could have no possible relation to, nor did they in any manner or degree, tend to support or prove, the crime charged against the defendant in the indictment. Such evidence was therefore, not only irrelevant and incompetent, but it was, we think, highly prejudicial to the defendant, and the circuit court properly so held. It follows from the foregoing, that the judgment of the circuit court reversing the judgment of the court of common pleas, must be affirmed, and that the order made by the circuit court discharging the defendant Howard F. Lawrence from custody must be vacated and set aside, and judgment will be entered accordingly and this cause *49 remanded to the court of common pleas for further proceedings according to law.'
• Judgment of reversal affirmed, and order discharging defendant from custody is vacated and set aside, and this cause remanded to the court of common pleas for further proceedings according to law.
Shauck, C. J., Price, ' Summers and Spear, JJ., concur.
Davis, . J., concurs in the first proposition of the syllabus.