## IN RE CONDEMNATION OF CERTAIN LANDS OWNED BY WALTER EYSTAD AND OTHERS IN STEVENS COUNTY. H. B. HOLLENBECK AND OTHERS v. STATE.[1]

March 19, 1943.

Nos. 33,386, 33,387.

*T. J. Mangan,* for appellants.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *Louis B. Brechet,* Special Assistant Attorney General, and *Bert McMullen,* Special Counsel for Department of Highways, for the State.

HILTON, JUSTICE.

The question presented by these appeals is whether a landowner who claims damages in a highway condemnation suit brought by the state is limited in his right of appeal to Minn. St. 1941, § 117.20(2), (Mason St. 1927, § 6557-1). Appellants' claim is that, since the later act (L. 1927, c. 237, § 1) did not expressly repeal *Id.* § 117.13 (§ 6549), the existing statute, and since no

[1]Reported in 8 N. W. (2d) 613.

notice of the filing of the commissioners' award had been served upon them, therefore their respective appeals were timely and that the trial court erred in dismissing them. Which section to apply is the only issue.

The title of the later act defines it as "An act prescribing the procedure in eminent domain proceedings brought by the state or by any of its agencies," etc. It then proceeds (§ 117.20):

"In eminent domain proceedings instituted by the state or by any of its agencies or political subdivisions as petitioners under the provisions of this chapter *the procedure shall be as follows:*

\* \* \* \* \*

"(2) *At any time within 30 days from the date of the filing of the report,* any party to the proceeding may appeal from any award of damages embraced in the report, \* \* \*" (Italics supplied.)

It is thus obvious that the legislature by its later act, in language free from doubt, has said that this act shall apply to and control eminent domain proceedings instituted by the state under its provisions. The language chosen and used affords no ground for seeking legislative intent. There are in its provisions no uncertainties, ambiguities, or doubts. In such case there is neither room nor reason for interpretation.

The rule here to be applied is well stated in 6 Dunnell, Dig. § 8927:

"Where a new statute, not in the form of amendments to prior statutes, is complete in itself, and shows that the legislature intended to substitute its provisions for those previously in force and intended the new statute to prescribe the only rules governing the subject-matter of the legislation, it supersedes all prior legislation in respect to such subject-matter and repeals all prior laws in so far as they apply thereto." (See note 20.)

We thought we had decided the issue presented here in State, by Peterson, v. Severson, 194 Minn. 644, 261 N. W. 469. But appellants question whether we did, because there neither party

urged that issue before this court. The particular question there was whether the act was constitutional. There is no longer any doubt that we are now squarely facing the question. We hold, without hesitancy, that the later act governs and affords the exclusive means whereby the landowner may review his award, and that appeals thereunder must be taken within 30 days from the date of the *filing* of the commissioners' report.

Affirmed.