## STATE v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

December 6, 1946.

No. 34,209.

[1]Reported in 25 N. W. (2d) 294.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Deputy Attorney General, *William C. Green,* Assistant Attorney General, and *George T. Simpson,* Special Counsel, for the State.

*Faegre & Benson, Paul J. McGough, Wright W. Brooks,* and *Armin M. Johnson,* for respondent.

*J. H. Mulally, M. L. Countryman, Jr., Pierce Butler, A. C. Gillette, Warren Newcome, A. E. Rietz, Harry Stearns, C. O. Newcomb,* and *A. C. Erdall,* for Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Northern Pacific Railway Company, Great Northern Railway Company, Illinois Central Railroad Company, Duluth, Winnipeg & Pacific Railway Company, Chicago & North Western Railway Company, Chicago, St. Paul, Minneapolis & Omaha Railway Company, and Chicago, Burlington & Quincy Railroad Company, filed a brief *amici curiae* on behalf of the contention of respondent.

*Gordon C. Peterson,* filed a brief *amicus curiae* on behalf of the Commonwealth Taxpayers Association of Minnesota.

MAGNEY, JUSTICE.

The state brought action against defendant railway company to recover certain claimed penalties. Defendant answered. Plaintiff interposed separate demurrers to paragraphs III and V of the answer on the ground that neither stated facts sufficient to constitute a defense. The court overruled the demurrers and certified the questions presented as important and doubtful. The appeal is from that order.

This is one of six actions brought by the state, through its attorney general, pursuant to Minn. St. 1941, §§ 219.68[2] and 219.74[3]

[2]"219.68. No company operating any line of railroad in the state shall abandon the same or any portion thereof nor shall it abandon any siding, sidetrack, spur, or other railway track of any kind which has once been opened and used for business, nor shall it close for traffic thereon except as provided in section 219.74. Any company violating any provision of this section shall forfeit to the state not less than $200.00 nor more than $1,000 for each day such violation continues."

[3]"219.74. Any railroad company desiring to abandon or close for traffic any portion of its line, siding, sidetrack, spur or other railway track, shall

(Mason St. 1927, §§ 4926, 4930), against certain railroad companies to recover penalties aggregating approximately $1,400,000 for the abandonment by them of certain railway tracks without first making application to the railroad and warehouse commission for authority so to do.

This action was commenced on August 22, 1944. The complaint in the first cause of action alleges that on September 23, 1942, defendant unlawfully removed the rails from a spur track at South Park in Dakota county, approximately 1,104 feet in length, without first securing authority from the railroad and warehouse commission. Recovery in the sum of $200 per day from date of removal, totaling $138,400, is sought. In the second cause of action, it is alleged that on September 30, 1942, defendant unlawfully removed approximately 512 feet of rail for a certain industry track in South St. Paul in the same county without first securing the requisite authority so to do, for which recovery of $137,000 is sought. Thus, for removal of 1,616 feet of track the state is seeking to recover $275,400 as penalty.

Defendant answered admitting the removal of the tracks but denying liability. Plaintiff demurred to two paragraphs, namely III and V, and these paragraphs contain the only allegations of the answer of concern to us here. Paragraph III reads as follows:

"That on February 23, 1945, and after this action was commenced, Chapter 21 of the Laws of Minnesota was passed at the 1945 Legislative Session and thereby each and all of said Sections 219.68, 219.72, 219.73, 219.74 and 219.75 were specifically and expressly repealed and said sections were also specifically superseded by the provisions of said Chapter 21. That in Section 8 of said chapter it

first make application to the commission in writing. Before passing upon such application the commission shall fix a time and place for hearing and require such notice thereof to be given as it deems reasonable. Upon the hearing, the commission shall ascertain the facts and make findings thereon and, if such facts satisfy the commission that the proposed abandonment or closing for traffic will not result in substantial injury to the public, the commission may allow the same, otherwise, it shall be denied, or, if the facts warrant it, the application may be granted in a modified form."

was specifically provided that 'Minnesota Statutes 1941, Section 645.35, shall not be construed to apply to this Act.' "

Minn. St. 1941, §§ 219.68 and 219.74, which we have already set out, are the sections important to us here and the ones which are purported to have been repealed by L. 1945, c. 21. Section 8 of said c. 21 reads:

"Sec. 8. Minnesota Statutes 1941, Sections 219.68, 219.72, 219.73, 219.74 and 219.75 are hereby repealed and such sections so repealed are superseded by this act. Minnesota Statutes 1941, Section 645.35, shall not be construed to apply to this act."

■ The question which we must determine is whether § 8 is a bar to recovery here. Chapter 21 was enacted after this action had been commenced and while it was still pending.

In 50 Am. Jur., Statutes, § 524, the common rule is stated as follows:

"Aside from matters and transactions past and closed, and aside from the use of repealed statutes as an aid in the interpretation of existing statutes, the general rule is that where a statute is repealed without a re-enactment of the repealed law in substantially the same terms, and there is no saving clause or a general statute limiting the effect of the repeal, the repealed statute, in regard to its operative effect, is considered as if it had never existed. Of course, the courts have no power to perpetuate a rule of law which the legislature has repealed."

In Troy v. City of St. Paul, 155 Minn. 391, 394, 193 N. W. 726, 727, this court approved the general rule and said:

"With practical unanimity the courts hold that, where a suit is founded on a statute and before the suit has been concluded or vested rights have been acquired the statute is repealed without attaching a saving clause to the repealing act, the suit must stop where the repeal finds it." (Citing cases.)

In State v. Tennyson, 212 Minn. 158, 164, 2 N. W. (2d) 833, 836, 139 A. L. R. 987, we said:

"* * * The court has no power to perpetuate a rule of law which the legislature has changed or repealed."

We hold that the demurrer was properly overruled.

■ The above citations express the common-law rule. In many, if not most, jurisdictions, a general saving clause has been enacted. Minn. St. 1941, § 645.35, which is such an enactment in this state, reads:

"The repeal of any law shall not affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the law repealed. Any civil suit, action, or proceeding pending to enforce any right under the authority of the law repealed shall and may be proceeded with and concluded under the laws in existence when the suit, action, or proceeding was instituted, notwithstanding the repeal of such laws; or the same may be proceeded with and concluded under the provisions of the new law, if any, enacted."

Thus, under this statute, when a repealing statute is enacted with no special saving clause, the common-law rule no longer applies, and the statutory general and permanent saving clause attaches to the repeal. 50 Am. Jur., Statutes, § 527, discusses the effect of general saving clauses in the following language:

"* * * Such general saving provisions are declarative of a continuing policy of the state that the repeal of any statute shall not release or extinguish any liability incurred, or affect any right accrued or claim arising, before the repeal takes effect, unless the repealing act expressly otherwise provides. They operate to make applicable in the designated situations the law as it existed before the repeal, and are upheld as a rule of construction to be applied, where not otherwise provided, as a part of all subsequent repealing statutes."

In State v. Smith, 62 Minn. 540, 543, 64 N. W. 1022, 1023, where this court made a similar statement, it said:

"* * * Such general statutes have been enacted in many of the states and by congress, and are construed by the courts to have the

force and effect of saving statutes. When a repeal is enacted, either directly or by way of amendment, accompanied by no special saving clause, the general and permanent saving clause contained in an existing and prior statute attaches to the repeal or amendment, unless a contrary legislative intent plainly appears from the repealing statute or amendment."

■ General saving statutes pertaining to the effect of repealing acts are simply declaratory of a statutory rule of construction, an indication of what the legislature intends shall be the effect of a repealing statute unless its contrary intention is made plainly to appear in the repealing statute itself. In 59 C. J., Statutes, § 729, it is stated:

"* * * General saving statutes are merely declaratory of a rule of construction. Such statutes substitute a new rule of construction to be observed by the courts with respect to statutes thereafter enacted; hence they * * * are considered as a part of every repealing act passed by the legislature as much so as if expressly written in the act, unless such application is negatived by the express terms or clear implication of a particular repealing act, * * *."

■ Thus, under the statutory general saving clause, the instant case would not have stopped where the repeal found it. It would have proceeded and been concluded under the laws in existence when the suit was initiated. However, under L. 1945, c. 21, § 8, it is provided: "Minnesota Statutes 1941, Section 645.35, shall not be construed to apply to this act." It is the contention of defendant that this provision in the new act makes the general saving clause inoperative.

In its original brief the state argued that the expression "shall not be construed" was an attempted invasion by the legislature of the exclusive authority of the courts to construe a statute. That claim is now withdrawn by the state. The undisputed meaning, then, of the provision is that § 645.35 shall not apply to L. 1945, c. 21.

50 Am. Jur., Statutes, § 527, and State v. Smith, *supra,* from which we have already quoted, state the rule that where a general

saving statute exists and the repealing statute contains no special saving clause such general saving statute attaches, "unless," as stated in the Smith case, "a contrary legislative intent plainly appears from the repealing statute or amendment," or, as stated in § 527, "unless the repealing act expressly otherwise provides." When the legislature stated in the repealing act that the general saving clause should not apply, it would seem that such clause does not apply and that the common-law rule governs. The legislative intent clearly appears. It is evident and must be given effect. There is, as we see it, no room left for construction.

In G. N. Ry. Co. v. United States (8 Cir.) 155 F. 945, 959, affirmed, 208 U. S. 452, 28 S. Ct. 313, 52 L. ed. 567, it is stated:

"* * * In short, our conclusion respecting the general statute is this: As applied to subsequent repealing acts, which do not, expressly or by necessary implication, contravene its provisions, it is effective and obligatory upon the courts, but beyond this it is without effect and not obligatory upon any one. Notwithstanding its enactment, Congress remained at liberty to legislate respecting its subject-matter in any manner they might choose."

■ Plaintiff contends, however, that the legislature had no power to provide that § 645.35 should not be construed to apply to L. 1945, c. 21, in view of the provisions of Minn. Const. art. 4, § 33, which reads:

"* * * The legislature shall pass no local or special law * * * remitting fines, penalties or forfeitures; * * *."

It is obvious that § 33 of the constitution has no bearing on the question involved. A fine or penalty cannot be remitted until it has been imposed, or a forfeiture until it has been declared. The present action was still pending when c. 21 was enacted, so of course there was no penalty to remit. There is no vested right in an action until final judgment has been entered therein. There had been no judicial determination that defendant had violated any provision of the repealed act. Section 8 is not a remission of fines, penalties, or forfeitures, but a general law repealing an act under

which penalties might by judicial proceedings be imposed against railroad companies which had been judicially determined to have violated such act.

In State ex rel. Butters v. Railroad and Warehouse Comm. 209 Minn. 530, 533, 296 N. W. 906, 908, a case where a trial was held before repeal but where final judgment had not been entered, the court said:

"* * * In that incomplete status, it was equally subject to destruction by repeal of the statute without which it was lifeless."

In State ex rel. Bennett v. Brown, 216 Minn. 135, 138, 12 N. W. (2d) 180, 181, this court said:

"* * * The principle is well established that where, as here, a suit is founded on a statute and such statute is repealed, without a saving clause, before conclusion of the suit, the suit must end where the repeal finds it."

■ Plaintiff argues that Minn. St. 1941, § 645.37 (Mason St. 1941 Supp. § 10933-38), is applicable here and that, since §§ 219.68 and 219.74, the material sections in this action, were reënacted in substantially the same terms by L. 1945, c. 21, §§ 1, 2, 3, and 5, said §§ 219.68 and 219.74 should be construed as continued in active operation as to matters involved in this action and that plaintiff should be entitled to recover the penalty provided for by § 219.68. Section 645.37 reads:

"When a law is repealed and its provisions are at the same time reënacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

A comparison of the wording and contents of §§ 219.68 and 219.74 with the sections in c. 21, which plaintiff claims are a substantial reënactment of the earlier law, discloses that there is no substantial reënactment of the same terms in the new law. There are a few similarities in form and minor details. The tracks involved are dif-

ferent, the penalties are different, the procedure is different, and the rights of municipalities are destroyed and those of certain shippers created. There are other differences. It does not seem necessary to detail the comparisons of the several sections. It is sufficient to state that after careful comparison we are of the opinion that the sections of the old law—§§ 219.68 and 219.74—were not substantially reënacted in the new law. Chapter 21 is not in fact and effect an amendatory act, as claimed by plaintiff. In fact, the two acts are not only *not* substantially the same, but in their important features they are different.

■ L. 1945, c. 21, covers the entire subject matter of the removal and abandonment of tracks and is complete in itself. In Farm v. Royal Neighbors of America, 145 Minn. 193, 197, 176 N. W. 489, 490, it is said:

"Where a new statute, not in the form of amendments to prior statutes is complete in itself, and shows that the legislature intended to substitute its provisions for those previously in force, and intended the new statute to prescribe the only rules governing the subject matter of the legislation, it supersedes all prior legislation in respect to such subject matter, and repeals all prior laws insofar as they apply thereto."

Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449; Board of Education v. Borgen, 192 Minn. 367, 256 N. W. 894; City of Jackson v. County of Jackson, 214 Minn. 244, 7 N. W. (2d) 753; Hollenbeck v. State, 214 Minn. 490, 8 N. W. (2d) 613.

■ In L. 1945, c. 21, § 8, the legislature in plain words repealed sections of the old law. It reads, as we have already stated:

"Sec. 8. Minnesota Statutes 1941, Sections 219.68, 219.72, 219.73, 219.74 and 219.75 are *hereby repealed* and such sections so repealed *are superseded* by this act." (Italics supplied.)

The words themselves supply their own interpretation. No plainer language could have been used. A statute which expressly supersedes an earlier one is a repeal of it. State ex rel. Butters v. Railroad and Warehouse Comm. 209 Minn. 530, 296 N. W. 906, *supra*.

Here, the legislature clearly intended to repeal a former act and to supersede it. The new act covers the whole subject matter of the old. It is not an amendment or a reënactment, but a new act, and the old act is in fact and by express language repealed and' superseded.

The legislature made it clear that when by L. 1945, c. 21, it was repealing the prior law relating to abandonment and removal of railway tracks it meant that repeal to be construed as at common law; in other words, as total and complete and without a saving clause to keep the repealed law still in effect for the purposes of proceedings pending or the enforcement of penalties incurred.

In the Butters case, it was held that a general saving clause against repeal cannot prevail over a subsequent express repeal. The court stated that the general saving clause is controlling unless the later and repealing act manifests a contrary intention.

The intention of the legislature controls.

In Benson v. C. St. P. M. & O. Ry. Co. 75 Minn. 163, 166, 77 N. W. 798, 799, 74 A. S. R. 444, Mr. Justice Mitchell, speaking for the court, said:

"The purpose or aim of all rules of statutory construction is to ascertain the legislative intent. They are all but aid's to this end."

In Bull v. King, 205 Minn. 427, 435, 286 N. W. 311, 315, we said:

"Rules of construction are mere aids in ascertaining the legislative intent. Being founded on reason and experience, they are neither ironclad nor inflexible. They have force only as suggestions to the judicial mind. The rules yield when an intention contrary to the inference ordinarily suggested by them is ascertained, Gerdts v. Gerdts, 196 Minn. 599, 265 N. W. 811, and are to be resorted to only so long as they furnish aid."

See, also, Judd v. Landin, 211 Minn. 465, 1 N. W. (2d') 861.

By statute, the legislature has also expressed itself on the matter of intent. Minn. St. 1945, § 645.16,[4] provides:

---

[4]See, M. S. A. § 645.16, and cf. Mason St. 1941 Supp. § 10933-17.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions."

■ Paragraph V of the answer, to which plaintiff demurred, alleges:

"That on August 15, 1944, and before this action was commenced and by an order of the Minnesota Railroad and Warehouse Commission the acts of this defendant in taking up said portions or segments of track were found to be pursuant to the war effort and in the furtherance thereof; that said portions or segments of track were not industrial tracks and that their removal was without damage or detriment to the shipping public or to any shipper or receiver of freight whatsoever; that the plaintiff herein has knowledge of and is familiar with the said order and the same is a valid order of a legally constituted body or agency of the State of Minnesota and plaintiff herein; and that the said order is hereby referred to and made a part hereof as fully as if set forth at length herein."

The court overruled the demurrer to this paragraph. Plaintiff contends that the commission did not have the power and authority to make an order approving the abandonment and closing for traffic by defendant of portions of its trackage in 1942 without first having made application to the commission for authority therefor. It contends, therefore, that paragraph V does not set out a defense and that its demurrer to this paragraph should have been sustained. Defendant counters by saying that, plainly, paragraph V does not purport to plead a separate defense; that a demurrer will not lie to a single cause of action or defense not separately stated; and that the allegations of the paragraph are material on certain constitutional questions raised in other portions of the answer. Paragraph V is not set out as an independent defense. Plaintiff states that it assumed that paragraph V was pleaded as a defense and concedes that if it was intended simply to plead evidence a

motion to strike in the district court would have been the proper procedure.

A demurrer will lie only to a whole pleading or to the whole of a single cause of action or defense. Daniels v. Bradley, 4 Minn. 105 (158); Knoblauch v. Foglesong, 38 Minn. 459, 38 N. W. 366; Pratt v. Sparkman, 42 Minn. 448, 44 N. W. 663; Dean v. Howard, 49 Minn. 350, 51 N. W. 1102; Steenerson v. G. N. Ry. Co. 64 Minn. 216, 66 N. W. 723.

In our opinion, the trial court properly overruled the demurrers. Order affirmed.

[1]Reported in 25 N. W. (2d) 263.